FILED
UNITED STATES DISTRICT COURT DISTRICT OF WYOMING
4:58 pm, 2/27/26
Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

YOSWAR ANDRES HERNANDEZ-DONADO,

Plaintiff,

VS.

KRISTI NOEM et al,

Defendant,

Case No. 26-CV-0062

**ORDER DISMISSING PETITION FOR WRIT OF HABEUS CORPUS**

Presently before the Court is Petitioner Yoswar Andres Hernandez-Donado's Petition for Writ of Habeus Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2). Respondents have filed responses to the Petition. (ECF No. 16, 17). Having analyzed the filings of the parties, the record, and being otherwise fully advised, this Court hereby concludes the Petition for Writ (ECF No. 1) must be dismissed because the Court lacks jurisdiction.

**BACKGROUND**

Petitioner, a citizen of Venezuela, is currently in custody of the U.S. Department of Homeland Security. (ECF No. 1 at 2). On February 17, 2026 at 5:19 p.m., Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1) alleging several causes of action: (1) unlawful detention in violation of the Immigration and Nationality Act ("INA"); (2)

violation of the due process clause of the Fifth Amendment of the U.S. Constitution; (3) arbitrary and capricious agency action in violation of the Administrative Procedure Act; (4) violation of equal protection under the Fifth Amendment; (5) violation of the suspension clause of the U.S. Constitution; and (6) violation of the *Accardi* doctrine. (ECF No. 1 at 11-24). Petitioner has asked this court to assume jurisdiction, issue a declaratory judgment finding Petitioner's detention violates the law, grant the writ of habeus corpus, and order Petitioner's immediate release, or, order a constitutionally sufficient bond hearing. (*Id.* at 21-22). Petitioner also asks this Court to award Petitioner attorney's fees and costs. (*Id*. at 22.)

On February 17, 2026, Petitioner filed a Motion for Temporary Restraining Order, seeking to prevent the United States from removing Petitioner from Wyoming. (ECF No. 2). The following day, February 18, 2026, this Court issued an Order to Show Cause and ordered Respondents not to transfer Petitioner outside of Wyoming while his Petition was being reviewed and requiring Respondents to respond to the Petition by February 25, 2026. (ECF No. 7).

On February 19, 2026, Petitioners filed a status report informing the Court that Petitioner was transferred to a facility outside of Wyoming. (ECF No. 9 at 2). The report indicated that Petitioner had "reason to believe the transfers occurred after the court issued its order." (*Id*).

On February 20, 2026, Respondents filed a response to the status report (ECF No. 10), asserting that Petitioner was transferred out of Wyoming on the morning of February 17, 2026, prior to the issuance of this Court's Order and prior to the filing of the Petition.

(ECF No. 10 at 2). The response included a Declaration of Carlos Mootz. (ECF No. 10-1). Mootz attested that he is a Deportation Officer for the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations, Salt Lake City Field Office, and is currently stationed in West Valley, Utah. (*Id*. at 1-2). Mootz declared that Petitioner was booked out of the Sweetwater County Detention Center by approximately 9:00 a.m. on February 17, 2026. (*Id*. at 2).

On February 23, 2026, this Court, concerned as to Officer Mootz's personal knowledge and the exact timing of any relocation of Petitioner and its potential impact on jurisdiction, ordered "Sheriff Grossnickle or his deputy in charge of the Sweetwater County Detention Center, with actual knowledge of inmate release, to file an affidavit with this Court (on or before February 27, 2026) specifying the date and as exact as possible time Yoswar Andres Hernandez-Donado was released from the Sweetwater County Detention Center on February 17, 2026." (ECF No. 12).

On February 24, 2026, Joseph Tomich's affidavit was filed (ECF No. 14). Tomich explained that he is employed as the Undersheriff with the Sweetwater County Sheriff's Department, and that Petitioner was booked out of Sweetwater County Detention Center on February 17, 2026, at 8:48 a.m. (*Id*. at 2). By 12:16 p.m., Tomich attested Petitioner was in Salt Lake City, and by 4:07 p.m., the Sweetwater County transport deputies had returned to Sweetwater County Detention Center, without Petitioner. (*Id*.). Accordingly, Petitioner was not in Wyoming at the time his Petition was filed.

Respondents responded to the Petition on February 25, 2026, arguing that, as relevant here, this Court lacks jurisdiction, because Petitioner had been transferred out of

Wyoming and was no longer in the custody of any Wyoming defendant prior to his Petition being filed. (ECF Nos. 16 at 1-3, 17 at 3-5). This Court agrees that it lacks jurisdiction and, therefore, must dismiss Petitioner's Petition, without prejudice.

**LEGAL STANDARD**

"The fundamental purpose of a . . . habeas proceeding is . . . 'an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Noncitizens may properly challenge the lawfulness of immigration-related detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Jurisdiction is determined at the time the habeas petition is filed. *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. 2015) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).

A writ of habeas corpus under 28 U.S.C. § 2241 "may be granted only to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined." *Zani v. U.S. Marshals Serv.*, 338 Fed. App'x 759, 761 (10th Cir. 2009) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)). District courts do not have jurisdiction over a § 2241 petition if petitioner was not confined in the state (district) where the district court sits at the time the petition was filed. *U.S. v. Scott*, 803 F. 2d 1095, 1096 (10th Cir. 1986) (quoting *United States v. Giddings*, 740 F.2d

770, 772 (9th Cir. 1984)) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined"); *Zani*, 338 Fed. App'x at 761 (vacating D. Colo. order due to lack of jurisdiction, finding "[a]t the time [Petitioner] filed his § 2241 petition, [he] was—and still is—incarcerated in Texas and not Colorado"); *Crosby v. United States*, No. 24-1323, 2024 WL 4198642, at *1-2 (10th Cir. Sept. 16, 2024) (affirming D. Colo. conclusion that it lacked jurisdiction over § 2241 petition filed by Petitioner located in Florida because "no aspect of [Petitioner's] custody is tied to Colorado"); *Kelso v. United States*, No. 20-5041, 2021 WL 5626315 at *3 (10th Cir. Dec. 1, 2021) (affirming N.D. Okla.'s dismissal of § 2241 petition for lack of jurisdiction when petitioner was located in W.D. of Missouri).

## ANALYSIS

This Court's Electronic Case Filing (ECF) system establishes that Petitioner's Petition was filed on February 17, 2026, at 5:19 p.m. MST:

U.S. District Court

District of Wyoming

**Notice of Electronic Filing**

The following transaction was entered by Helm, Travis on 2/17/2026 at 5:19 PM MST and filed on 2/17/2026
**Case Name:** HERNANDEZ-DONADO v. Noem et al
**Case Number:** 2:26-cv-00062
**Filer:** YOSWAR ANDRES HERNANDEZ-DONADO
**Document Number:** 1

**Docket Text:**
**PETITION for Writ of Habeas Corpus *RELIEF ON CONSTITUTIONAL AND OTHER GROUNDS* ( Filing fee $5 receipt #AWYDC-2738136.), filed by YOSWAR ANDRES HERNANDEZ-DONADO. (Attachments: # (1) Exhibit EXHIBIT A - E, # (2) Civil Cover Sheet, # (3) Summons KN, # (4) Summons PB, # (5) Summons TL, # (6) Summons RG, # (7) Summons JG) (Helm, Travis)**

**2:26-cv-00062 Notice has been electronically mailed to:**

Travis Helm admin@helmimmigration.com

Because Petitioner was not confined in the district of Wyoming, nor located at all within the district of Wyoming at the time the Petition was filed, this Court lacks jurisdiction. Therefore, there is no need to analyze the Petition on the merits. And, "'[i]t is fundamental ... that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore

dismissal must be without prejudice.'" *Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) (quoting *Abernathy v. Wandes*, 713 F. 3d 538, 558 (10th Cir. 2013)).

## CONCLUSION

Because the Court lacks jurisdiction over the Petition,

**IT IS HEREBY ORDERED** Petitioner Yoswar Andres Hernandez-Donado's Petition for Writ of Habeus Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED** and the action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

**IT IS FURTHER ORDERED** the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** Petitioner's claims against Respondent John Grossnickle in his official capacity are hereby **DENIED AS MOOT**.

Dated this 27th day of February, 2026.

Scott W. Skavdahl
United States District Judge